IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50937
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ANDREW RUIZ

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-99-CR-116-1
--------------------
June 28, 2000

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit Judges.

PER CURIAM:[*]

Andrew Ruiz appeals the district court's denial of his motion to suppress. Finding no error, we affirm.

A determination that reasonable suspicion existed to stop a vehicle is a question of law that this court reviews *de novo*. See United States v. Nichols, 142 F.3d 857, 864 (5th Cir. 1998).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Findings of fact made in this context are reviewed for clear error.  Id. at 864-65.  The evidence presented at a hearing on a motion to suppress is viewed in the light most favorable to the prevailing party, in this case, the government.  Id. at 865.  The factors that a Border Patrol agent may consider in determining whether reasonable suspicion exists to stop a vehicle are well settled, see Nichols, 142 F.3d at 865, and we do not repeat them here.

At the time Border Patrol Agent Rodney Hall stopped Ruiz, Hall was aware that a vehicle had tripped a sensor some 45 miles north of the border on Highway 67.  Ruiz's vehicle arrived at a checkpoint 54 miles north of the border in approximately the time it took Hall to arrive at the same checkpoint from Marfa, four miles to the north.  Given this timing and the fact that traffic was sparse at that time, Hall reasonably could infer that Ruiz's vehicle originated at the border.  See United States v. Orozco, 191 F.3d 578, 581 (5th Cir. 1999).

Highway 67 is a known smuggling route, see United States v. Villalobos, 161 F.3d 285, 289 (5th Cir. 1998), a point which Ruiz conceded both in the district court and on appeal.  Although Agent Hall did not specifically testify that Highway 67 has a reputation as a smuggling conduit, his overall testimony coupled with the placement of both a sensor and a checkpoint on Highway 67 indicate that the Border Patrol and Agent Hall consider Highway 67 to be a smuggling route.

Contrary to Ruiz's suggestion, it is unlikely, that a camper would be utilizing that route between 3:00 and 3:30 a.m. to leave

Big Bend National Park. See id. Ruiz correctly notes that there are other towns in the area and that other vehicles may use Highway 67 for legitimate purposes; however, that does not diminish the fact that Ruiz was traveling near the border on a road that leads directly into Mexico. See id.

Hall's testimony that the truck had tinted windows, appeared to be riding low, and carried a load that could conceal aliens or contraband further supports a finding of reasonable suspicion, as does Ruiz's unusually long stop at the intersection. See e.g., Orozco, 191 F.3d at 578 (weighted-down appearance of vehicle is a factor agent may consider); Nichols, 142 F.3d at 868 (agent could consider fact that vehicle paused for an unusually long time at intersection). Although, as Ruiz contends, each of these facts alone would not support a finding of reasonable suspicion, the individual factors cannot be examined in a vacuum. Rather, we look to the totality of the circumstances. See United States v. Ibarra-Sanchez, 199 F.3d 753, 758 (5th Cir. 1999). Behavior that may be construed as innocent may nevertheless support a finding of reasonable suspicion. See United States v. Gomez, 776 F.2d 542, 548 (5th Cir. 1985). In addition, Hall testified that the truck was registered in Odessa, which he characterized as a known staging point for drug and alien smuggling. This further supported his suspicion that criminal activity was afoot.

Finally, we note that the testimony established that Agent Hall had worked with the Border Patrol for seven years, more than three of which were spent in Marfa. Hall was clearly familiar with the area and with smuggling practices. When we view the

facts known to Agent Hall in light of his evident experience, we conclude that the district court properly determined that reasonable suspicion existed to justify the stop.

AFFIRMED.